Rowe, J.
These two eases were tried together and consolidated in one report for hearing before the Appellate Division.
*369 The first case, in which Earle is the plaintiff, is an action to recover the balance claimed to be due on a conditional bill of sale with promissory note attached thereto, after repossession and sale of a motor vehicle, credit having been given for the sale price by the plaintiff after he repossessed the motor vehicle and also for the payment made prior to repossession. The trial judge found for the plaintiff.
The second action in which Crafts is the plaintiff is a counter action for conversion of the above motor vehicle, and is based upon the theory that the conditional bill of sale by which the motor vehicle mentioned in the first ease was sold, was invalid, and that Earle, by repossessing the motor vehicle and selling it, was thereby guilty of conversion. There was a finding for the defendant in this counter-action.
If the conditional bill of sale was valid, the above findings are correct. Crafts contends that the conditional bill of sale is void as not containing the provisions of Chapter 348 of the Acts of 1935, relative to giving credit to the conditional vendee for amounts paid where the conditional vendor repossesses and sells the motor vehicle. We are of the opinion that such contention cannot be supported.
Chapter 348 of the Acts of 1935 provides that “No instrument evidencing a conditional sale of a motor vehicle shall be valid unless it contains a provision that, in case of repossession and sale of such vehicle for default in payment of any part of the purchase price, all sums paid on account of such price and any sum remaining from the proceeds of the sale of such repossessed vehicle after deducting the reasonable expenses of such sale shall be applied in reduction of such price.”
*370 The material portion of the conditional bill of sale here involved reads as follows: “If any instalment is not paid in full when due, or if Purchaser fails to perform any of his obligations or to comply with any condition of this contract, or if the holder shall deem itself insecure, the full amount unpaid hereunder including any note given, shall without notice become due and payable forthwith, together with 15% thereof, or at the option of the holder, a reasonable sum, as attorney’s fees, if this contract is placed with an attorney. Purchaser agrees in any such case to deliver the property to the holder and the holder may, without any previous notice or demand for performance, and without legal process, enter any premises where the property may be. found and take possession thereof and of anything found therein, after which the holder may at its option make such disposition of the property as it shall deem fit and all payments made by Purchaser shall be retained by holder as compensation for the use of the property while in Purchaser’s possession and not as a penalty: or the property may be sold with or without notice, at private sale or at public sale at which the holder may purchase, and the proceeds, less expense of taking, removing, holding, repairing and selling the property and less attorney’s fees as above provided and the expense of liquidating any liens or claims, shall be credited on the amount unpaid hereunder; or without such sale the fair market value of the property at the time of repossession may be credited upon the amount unpaid; in either event Purchaser agrees to pay the balance forthwith as liquidated damages for the breach.of this contract; any surplus shall be paid to Purchaser.”
The effect of the above is that on repossession of the motor vehicle all payments made by the conditional vendee shall be retained by the conditional vendor and the pro *371 ceeds of sale less certain expenses “shall be credited on the amount unpaid hereunder.” Such provisions coupled with the further provision that any surplus shall be paid to the purchaser give full credits required by the statute with reference to payments on account and the sale price.
The purpose of the statute is that a conditional vendee of a motor vehicle, in case the conditional vendor repossesses and sells it, shall receive credit with reference to the payments he has made and the sale price secured by the conditional vendor. The conditional bill of sale in question provides for both these elements required by the statute. Although the contract is not phrased in the identical wording of the statute, it does in its effect require that in case of sale the conditional vendee shall be given credit for the payments he has made, and Crafts’ contention to the contrary, on this point, cannot be supported. The trial judge was justified in finding for the plaintiff on the conditional bill of sale as a valid contract.
The counter action of Crafts for conversion was based on the theory that the conditional bill of sale was a void instrument. As in our opinion it was a valid instrument, and hence the conditional vendor acted properly in repossessing and selling the motor vehicle, this action must fail.
Report dismissed.